PATRICK J. GRIFFIN, ADMINISTRATOR, *vs.* MORTON M. WOOD.

Third Judicial District, Bridgeport, October Term, 1918.
RORABACK, WHEELER, BEACH, GAGER and CURTIS, Js.

In an action for negligently running an automobile into and killing the plaintiff's intestate, the defendant, in whose favor a verdict was rendered, claimed that the decedent was intoxicated and suddenly stepped or staggered out into the roadway just in front of the car. *Held* that in this situation the matter of intoxication became one of great importance in its bearing upon the exercise of due care by the decedent; and therefore a statement by the trial judge in his charge, to the effect that the question for the jury to determine was whether the plaintiff had shown "by a fair preponderance of the evidence" that the decedent was not intoxicated at the time of the accident, was both erroneous and prejudicial to the plaintiff.

The trial court charged the jury that under the circumstances of this case, §§ 1538, 1540 of the General Statutes did not, as matter of law, require the defendant to reduce his speed or blow his horn; but that the question for them to consider was whether in the exercise of reasonable care he ought to have done so. *Held* that this instruction was not erroneous.

The trial court may, in its discretion, recall the jury, and instruct them that there can be no recovery by the plaintiff for any act of negligence not set up in the complaint.

Argued October 23d—decided December 17th, 1918.

ACTION to recover damages for negligently running into and killing the plaintiff's intestate, brought to the Superior Court in New Haven County and tried to the jury before *Bennett, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

The plaintiff's intestate, while walking in the highway, was killed by a motor-car operated by the defendant, which approached the decedent from behind. The accident occurred about ten o'clock on a cloudy

moonlit night, and at or about the time that another motor-car, coming from the opposite direction, was passing by the scene of the accident. The highway at that point consisted of a central strip of warrenite seventeen feet wide and a strip of gravel five feet wide on either side of it.

Plaintiff claimed that the decedent and his companions were walking on the right-hand side of the highway and upon the right-hand side of the strip of gravel, when the defendant's car rushed upon them at high speed without any warning.

Defendant claimed that his car was on the right-hand side of the warrenite and not upon the gravel; that he was proceeding at a moderate rate of speed; that there was ample room on the strip of gravel for pedestrians; and that the decedent, at a moment when the defendant was dazzled by the lights of the other car, suddenly stepped out on the warrenite so far as to be struck by the left-hand forward lamp of the defendant's car, in spite of the defendant's effort to stop.

The defendant also claimed and offered evidence to prove that the decedent was intoxicated at the time. In regard to this question of intoxication, the court charged the jury as follows: "Here I may refer to you the claims that have been made in regard to the drunkenness of the deceased. Of course, no one has claimed and no one can claim that in and because the deceased was intoxicated, that the defendant had a right to run over him. Such, of course, is not the law. You will, of course, first determine, in looking at this part of the case, whether any intoxication has been proven, or rather whether the plaintiff has shown to you, by a fair preponderance of evidence, that the deceased was not intoxicated at the time. . . . But, however that may be—of course, that is a matter for you to decide—intoxication has no particular bearing upon the matter

except possibly in one way; it is not whether the man was intoxicated, but his position upon the highway, which is the main fact. If he was intoxicated and yet was walking upon the extreme right of the highway and was there run over, really the question of intoxication would not have any bearing, because it is not really the question of whether he was intoxicated, but where he was and what he was doing at the time he was hit. So if he was out upon the warrenite—suppose he ran out in front of the automobile, as was claimed might possibly happen by counsel, it is not that he was intoxicated and ran out, but the fact that he ran out, that he was there, that he appeared suddenly in front of the automobile, which is the material fact. The only bearing really of the proof of intoxication would be the probability of a drunken man doing that act, that is, staggering out in front of that automobile, as tending to prove the fact that he did stagger out in front of the automobile."

*Cornelius J. Danaher*, for the appellant (plaintiff).

*Charles S. Hamilton*, for the appellee (defendant).

BEACH, J.   The court did not err in charging the jury, in substance, that the defendant was not, as a matter of law, required by §§ 1534 and 1538 of the General Statutes, to reduce his speed or blow his horn, under the circumstances of this case; but that the question for the jury to consider was whether, in the exercise of reasonable care, he ought to have done so. Nor was it error for the court to recall the jury and instruct them that the plaintiff could not recover for any act of negligence not set up in the complaint.

The third assignment of error, relating to that portion of the charge above quoted, seems to be well taken.

It is true, as the court points out, that the only importance of the alleged intoxication of the deceased was that, if true, it strengthened the probability of the defendant's claim that the plaintiff staggered out in front of the defendant's automobile. In that connection it was of great importance, and the court was in error in saying that the question was whether the plaintiff had shown the jury by a fair preponderance of evidence that the deceased was not intoxicated. Intoxication is not negligence *per se*, and it was therefore no part of the plaintiff's case to show that the deceased was not intoxicated at the time. Intoxication, in this case, was simply an alleged fact which the defendant sought to prove because it tended to confirm his version of the accident, and by attempting to prove it the defendant volunteered to prove it by a fair preponderance of all the evidence bearing on that particular fact.

There is error and a new trial is ordered.

In this opinion the other judges concurred.